
USCA1 Opinion

	




       [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
                 United States Court of Appeals
                     For the First Circuit





No. 98-1596

                          UNITED STATES,

                       Plaintiff, Appellee,

                                v.

                     JULIO CESAR PADIN-TORRES
               AND PRUDENTIAL MORTGAGE CORPORATION,

                     Defendants, Appellants.



           APPEAL FROM THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF PUERTO RICO

         [Hon. Salvador E. Casellas, U.S. District Judge]



                              Before

                      Stahl, Circuit Judge,
                 Coffin, Senior Circuit Judge,
                   and Lipez, Circuit Judge.
                                
                                
                                
                                
     Julio C. Padin-Torres on brief pro se.
     Frank W. Hunger, Assistant Attorney General, Guillermo Gil,
United States Attorney, Michael F. Hertz, Stephen D. Altman,
Douglas N. Letter, and Michael D. Granston, Attorneys, Civil
Division, Department of Justice, on brief for appellee.





June 16, 1999



                                
            Per Curiam.  In 1991, appellant Julio Cesar Padin-
  Torres (Padin) pled guilty to three offenses arising out of his
  operation of Prudential Mortgage Corporation (Prudential), a
  mortgage lending institution participating in the "mortgage-
  backed securities program" of the Government National Mortgage
  Association (GNMA).  See United States v. Padin-Torres, 988
  F.2d 280 (1st Cir. 1993).  The government thereafter filed the
  instant action against Padin and Prudential, seeking damages
  pursuant to, inter alia, the False Claims Act (FCA).  31 U.S.C.
   3729-32.  From an award of summary judgment under the FCA in
  the government's favor, Padin now appeals on a pro se basis. 
  Having reviewed his arguments in detail, we summarily affirm.
            Padin has not seriously contested any of the issues
  addressed by the magistrate-judge.  For example, he has not
  bothered to cite to the key decision supporting the
  government's theory of recovery.  United States v. Rivera, 55
  F.3d 703 (1st Cir. 1995).  Nor has he challenged the ruling that
  the government's "statement of material facts" would be deemed
  admitted because of his noncompliance with a local rule.  See,
  e.g., Laracuente v. Chase Manhattan Bank, 891 F.2d 17, 19 (1st
  Cir. 1989) (endorsing such a ruling).  We find the magistrate-
  judge's reasoning to be fully supportable and therefore adopt
  that analysis here.  
            Padin has advanced various other arguments that were
  not presented to the magistrate-judge.  Some (such as whether
  the 1986 amendments to the FCA apply) were first raised before
  the district judge; others (such as whether the action is
  barred on double jeopardy grounds) are being articulated for
  the first time on appeal.  These contentions have thus been
  waived.  See, e.g., Borden v. Secretary of HHS, 836 F.2d 4, 6
  (1st Cir. 1987) (per curiam) (warning that parties must take
  "not only their 'best shot' but all of their shots" before the
  magistrate-judge) (internal quotation omitted); Malave v.
  Carney Hosp., 170 F.3d 217, 222 (1st Cir. 1999) (noting that
  "except in the most extraordinary circumstances ..., matters
  not raised in the trial court cannot be hawked for the first
  time on appeal").  No justification has been offered for
  overlooking these requirements here.  We find Padin's
  contentions to be without merit in any event.
            Finally, the instant case presents no occasion to
  undertake a second review of Padin's criminal conviction.
            Affirmed.  See Loc. R. 27.1.  The "emergency
  informative motion" is denied.

